United States District Court
Southern District of Texas
**ENTERED**
August 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLUE WORLD CONSTRUCTION, INC, Plaintiff, | § § § § § | CIVIL ACTION NO. 4:19-cv-03538 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| GMA GARNET USA, Defendant. | § § § | |

MEMORANDUM AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendant GMA Garnet USA is granted. Dkt 8. An enforceable forum-selection clause requires Plaintiff Blue World Construction, Inc to pursue its claims elsewhere.

1. Background

BWC and GMA entered into a contract for BWC to develop and manage a processing and recycling plant for GMA in Coos Bay, Oregon. Dkt 1 at ¶ 1. BWC claims that GMA has failed to make payments under their contract. It sued GMA in the Southern District of Texas in September 2019 to enforce its contractual rights, asserting claims for breach of contract, unjust enrichment, fraudulent inducement, and indemnification. Id at ¶¶ 64, 70, 76, 81.

GMA moved to dismiss, asserting that BWC must file suit in a state court sitting in Montgomery County, Texas. Dkt 8. GMA attached to its motion the subject contract with BWC, which is signed by representatives of both parties. Dkt 8-1. Titled "Engineering, Environment, Project Management, Construction Management, and/or Consulting Agreement," it contains a forum-selection clause that states:

> Any dispute between [GMA] and [BWC] arising from or related to this Agreement shall be resolved first through discussions among upper management of the parties . . . then either party may elect to resolve the matter through litigation which shall be brought in any court sitting in Montgomery County, Texas having jurisdiction thereof. [GMA] and [BWC] each submits to the exclusive jurisdiction of said courts and waives the right to change venue.

Id at 37.

### 2. Legal Standard

The Supreme Court holds that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Construction Co v US District Court for the Western District of Texas*, 571 US 49, 60 (2013). A court applying this doctrine must typically determine "whether there is an adequate alternative forum and, if so, decide which forum is best-suited to the litigation by considering a variety of private- and public-interest factors and giving deference to the plaintiff's choice of forum." *Barnett v DynCorp International, LLC*, 831 F3d 296, 300 (5th Cir 2016), citing *DTEX, LLC v BBVA Bancomer, SA*, 508 F3d 785, 794–95 (5th Cir 2007).

But the presence of a valid forum-selection clause simplifies this analysis in two ways. First, plaintiff's choice of forum merits no weight. *Barnett*, 831 F3d at 300. This is "because, by contracting for a specific forum, 'the plaintiff has effectively exercised its venue privilege before a dispute arises.'" Ibid, quoting *Atlantic Marine*, 571 US at 63. Second, "the private-interest factors 'weigh entirely in favor of the preselected forum,' so that the 'district court may consider arguments about public-interest factors only.'" *Barnett*, 831 F3d at 300, quoting *Atlantic Marine*, 571 US at 63.

A valid forum-selection clause will control the *forum non conveniens* inquiry in all but the most unusual cases. *Barnett*, 831 F3d at 300, quoting *Atlantic Marine*, 571 US at 64. The party acting in violation of the forum-selection clause bears the burden of

demonstrating that the public-interest factors "overwhelmingly disfavor" dismissal. *Atlantic Marine*, 571 US at 67.

### 3. Analysis

GMA attaches the parties' contract and moves to dismiss based on its forum-selection clause. Dkt 8 at 4. Review on motion to dismiss is constrained, with the court generally limiting itself to the contents of the pleadings and their attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014) (citations omitted). But a notable exception allows a defendant to attach documents "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v Morgan Stanley Dean Witter,* 224 F3d 496, 498–99 (5th Cir 2000), quoting *Venture Associates Corp v Zenith Data Systems Corp,* 987 F2d 429, 431 (7th Cir 1993).

BWC referred to the contract in its complaint numerous times. See Dkt 1 at ¶¶ 3, 29, 37, 48, 49, 52, 53, 54, 55, 56, 61, 62. It is central to the claims at issue. As such, it—and its forum-selection clause—will be considered as part of the pleadings for purposes of deciding the motion to dismiss.

BWC seeks to avoid application of the forum-selection clause, asserting that it is neither mandatory nor applicable to its claims for payment. It also argues that GMA has waived its right to invoke the forum-selection clause because it filed a crossclaim against BWC in separate litigation in Oregon state court in which both GMA and BWC are defendants. Dkt 13.

#### a. Mandatory clause

BWC urges that the forum-selection clause is permissive. Dkt 13 at 10. GMA claims it is mandatory. Dkt 14 at 9.

Forum-selection clauses are typically binding on the contractual parties. See *Weatherford International, LLC v Binstock*, 2020 WL 1692543, *6 (SD Tex); *Hebert v Marathon Oil Co*, 2020 WL 1429480, *3 (SD Tex); *Segenvo, LLC v Providian Medical Equipment, LLC*, 2019 WL 5266163, *10 (SD Tex). But the Fifth Circuit holds that only mandatory clauses justify transfer or dismissal. *Weber v PACT XPP Technologies, AG*, 811 F3d 758, 768 (5th Cir 2016). And so a court must first decide whether a forum-selection clause is mandatory or permissive. Ibid.

3

A forum-selection clause is mandatory only if "it contains clear language specifying that litigation *must* occur in the specified forum." Ibid (emphasis in original). Language indicating only that courts of a particular location *may* or *shall* have jurisdiction does not on its own make a forum-selection clause mandatory. Ibid.

BWC argues that the forum-selection clause is permissive because it is ambiguous. Dkt 13 at 11. Actually, the mandatory nature of the clause couldn't be more clear. It states that any litigation "*shall* be brought in any court sitting in Montgomery County, Texas" and that GMA and BWC "each submits to the *exclusive jurisdiction* of said courts and *waives* the right to change venue." Dkt 8-1 at 37 (emphasis added).

This establishes that Montgomery County, Texas is the contractually agreed upon venue for any and all disputes arising from the contract. See *Luxeyard, Inc v Offit Kurman, PA*, 2020 WL 3542779, *7 (SD Tex) (interpreting forum-selection clause as mandatory that established "sole venue" for all matters in Delaware).

    b. Covered claims

BWC argues that the forum-selection clause doesn't pertain to this action because the claims are "primarily extra-contractual." Dkt 13 at 12. What this means the Court should do with BWC's literal breach-of-contract claim isn't explained. Beyond this, GMA asserts that the essence of BWC's complaint is that it has been underpaid for its work on the project, which is directly related to the contract. Dkt 14 at 8.

The at-issue forum-selection clause on its face states that it covers "[a]ny dispute . . . arising from or related to" the contract. Dkt 8-1 at 37. Texas courts have consistently interpreted "arising from or related to" clauses broadly to encompass "all claims that have some possible relationship with the agreement, including those claims that may only 'relate to' the agreement." *RSR Corp v Siegmund*, 309 SW3d 686, 701 (Tex App—Dallas 2010); see also *In re Guggenheim Corp Funding, LLC*, 380 SW3d 879, 887 (Tex App—Houston 2012) (collecting cases); *TGI Friday's Inc v Great Northwest Restaurants, Inc*, 652 F Supp 2d 750, 759 (ND Tex 2009).

BWC argues that the claims at issue here fall outside of the contract and relate to oral modifications or claims arising prior to

4

the contract itself. Dkt 13 at 13. But the crux of its claims arise from alleged underpayment of amounts owed under the contract. Even if there were doubt whether such claims were "arising from" the contract, there is none at all as to the fact that they are "related to" the contract.

The forum-selection clause applies to BWC's claims. Any holding to the contrary "would allow a litigant to avoid a forum-selection clause with 'artful pleading.'" *Ginter ex rel Ballard v Belcher, Prendergast & Laporte*, 536 F3d 439, 444–45 (5th Cir 2008).

### c. Waiver

Olsson Industrial Electric, Inc is a subcontractor on the recycling and processing plant project. It filed suit in December 2019 against both GMA and BWC in the Circuit Court of the State of Oregon, Coos County, three months after BWC initiated this action against GMA. Dkt 13 at 8. GMA filed an answer to that complaint in which it crossclaimed against BWC. Ibid. BWC argues that this means GMA waived its right to enforce the forum-selection clause in this proceeding.

The Fifth Circuit has noted a lack of authority determining whether federal or state law principles control the standard for determining a party's waiver of rights under a forum-selection clause. *SGIC Strategic Global Investment Capital, Inc v Burger King Europe GmbH*, 839 F3d 422, 426 (5th Cir 2016). But it has articulated waiver determinations in two different ways. Id at 426–27 (5th Cir 2016). Under both, a strong presumption still exists in favor of enforcement. *Wellogix Inc, v SAP America, Inc*, 648 Fed Appx 398, 402 n 4 (5th Cir 2016).

One is a traditional inquiry asking whether a party "intentionally or voluntarily relinquished its rights under the clause." *Wellogix*, 648 Fed Appx at 401. This test applies Texas law. *GP Plastics Corp v Interboro Packaging Corp*, 108 F Appx 832, 836 (5th Cir 2004). Waiver under this test requires: "(1) an existing right, benefit, or advantage; (2) actual or constructive knowledge of its existence; and (3) actual intent to relinquish that right." *SGIC Strategic*, 839 F3d at 426.

The other is where a party engages in "conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished." *North American Specialty Insurance Co v Debis Financial Services, Inc*, 513 F3d 466, 470 (5th Cir 2007). This test applies both federal and Texas law. *SGIC Strategic*, 839 F3d at 426. A party waives its forum-selection clause under this standard if it "(1) substantially invokes the judicial process in derogation of the forum selection clause and (2) thereby causes detriment or prejudice to the other party." Id at 426–27 (citations omitted).

BWC hasn't established waiver under either standard. Defending oneself in response to litigation doesn't indicate "an actual intent to relinquish" one's rights under a forum-selection clause. For example, in *M/S Bremen v Zapata Off-Shore Co*, the Supreme Court held that the defendant's defensive actions taken in response to plaintiff's suit didn't preclude its reliance on the forum-selection clause in the parties' contract. 407 US 1, 19–20 (1972). In *JFP Services, LLC v Torans*, the court likewise held that the defendant didn't waive its right to enforce a forum-selection clause by filing an answer and motions in an adversary proceeding in a bankruptcy action. 2018 WL 3326841, *9–10 (WD Tex). Instead, the defendant simply acted to protect itself by engaging in defensive action. Id at *10.

Neither BWC nor GMA initiated the Oregon litigation. Olsson did—a subcontractor not bound by the forum-selection clause. That GMA filed an answer and crossclaim there in no way indicates an intention to waive its right under the subject forum-selection clause. It merely indicates an intention to defend itself in the forum chosen by Olsson.

It also cannot be said that GMA's actions "substantially invoked the judicial process" in a forum or venue outside Montgomery County, Texas. *SGIC Strategic*, 839 F3d at 426. The Texas Supreme Court holds, "A party's litigation conduct aimed at defending itself and minimizing its litigation expenses, rather than at taking advantage of the judicial forum, does not amount to substantial invocation of the judicial process." *GT Leach Builders, LLC v Sapphire VP, LP*, 458 SW3d 502, 513 (Tex 2015).

BWC hasn't satisfied its heavy burden to establish waiver.

d. Factors pertaining to public interest

The Fifth Circuit requires consideration of a number of public-interest factors in the *forum non conveniens* analysis. These include any administrative difficulties flowing from court congestion, the local interest in having localized controversies decided at home, the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action, the avoidance of unnecessary problems in conflict of laws, and the unfairness of burdening citizens in an unrelated forum with jury duty. *Al Copeland Invs, LLC v First Specialty Insurance Corp*, 884 F3d 540, 545 (5th Cir 2018).

BWC doesn't sponsor any argument in this regard even though it bears the burden. And the Court sees no reason why these factors would "overwhelmingly disfavor" dismissal here. *Atlantic Marine*, 571 US at 67.

4. Conclusion

The motion to dismiss by Defendant GMA Garnet USA is GRANTED. Dkt 20.

The claims brought against it are DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

Signed on August 20, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge